# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| 25 Calhoun CMB, LLC, | Civil Action No. 2:19-2537-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Concord Park/Charleston, LLC, | |
| Defendant. | |

Before the Court are Defendant's motion for summary judgment (Dkt. No. 14) and Plaintiff's motion to amend complaint (Dkt. No. 20). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part. Plaintiff's motion to amend is denied to the extent Plaintiff seeks to assert a claim for "failure to disclose" but is otherwise granted. Defendant's motion is denied without prejudice as moot.

## I.    Background

This lawsuit concerns Plaintiff 25 Calhoun CMB, LLC's (hereinafter "Buyer") acquisition of real property located at 25 Calhoun Street in Charleston, South Carolina ("25 Calhoun" or the "Building"). On July 20, 2010, Defendant Concord Park/Charleston, LLC (hereinafter "Seller") purchased the land upon which 25 Calhoun, an office building, would eventually be built. Seller constructed the Building between late 2010 and October 2011. On February 1, 2013, an entity related to Buyer, CMB Property Company, LLC ("CMB"), purchased 25 Calhoun from Seller pursuant to a certain Purchase and Sale Agreement ("PSA"). (Dkt. No. 18-3). On March 12, 2013, CMB assigned Buyer ownership of 25 Calhoun pursuant

2

to a certain Assignment and Assumption. (Dkt. No. 14-2). Per the Assignment and Assumption, Buyer accepted "to be bound by all the terms and conditions in and obligations" of CMB under the PSA. (*Id.*).

Buyer alleges that after acquiring 25 Calhoun, "the parking lot and portions of the building began experiencing problems, including . . . cracking, movement, and deterioration." Buyer alleges it discovered 25 Calhoun contained "dangerous conditions in the parking lot, such as undulations and potholes caused by subsidence, or movement of the subgrade." Buyer undertook repair efforts to cure deficiencies in the property. (Dkt. No. 1-3 at 6).

Buyer brought an action against Seller in state court for breach of implied warranty and quantum meruit, which Seller timely removed. (Dkt. No. 1). On January 31, 2020, Seller made a motion for summary judgment, (Dkt. Nos. 14 & 19), which Buyer opposes, (Dkt. No. 18). Buyer timely filed a motion to amend its Complaint on March 3, 2020, (Dkt. Nos. 20 & 22), which Seller opposes, (Dkt. No. 21).[1] In its motion to amend complaint, Buyer states it "has discovered additional documents and information, which give rise to additional factual allegations and to additional causes of action against [Seller]." (Dkt. No. 20 at 1). Buyer continues that it has "reason to believe that [Seller] failed to disclose material information about the real property and improvements it sold to [Buyer]." (*Id.*). Buyer proposes amending its Complaint to add causes of action for: failure to disclose; equitable indemnification; breach of contract; and breach of express warranty. Both parties' motions are fully briefed and ripe for disposition.

**II.    Legal Standard**

---

[1] Per the Amended Scheduling Order, (Dkt. No. 13), motions to amend pleadings were due by March 16, 2020. Discovery closes June 16, 2020.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). Specifically, the "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr.*, 602 F.3d at 602-03.

"Leave to amend [ ] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012); *see also United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal quotation marks and citations omitted). "Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re. Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 8-11-2000-JMC, 2013 WL 12152414, at *2 (D.S.C. June 17, 2013).

**III.    Discussion**

Because of documents it obtained during discovery, Buyer's proposed First Amended Complaint adds causes of action for: failure to disclose; equitable indemnification; breach of contract; and breach of express warranty. (Dkt. No. 20-1); *see* Affidavit of Stephen J. Geiger, (Dkt. No. 18-6 at ¶ 7) (enumerating ten engineering studies and third-party consultant reports concerning 25 Calhoun Seller did not disclose to Buyer prior to this litigation). Buyer argues that Seller breached §§ 4.1 and 5.8 of the PSA by failing to disclose said documents.[2] Buyer explains that in 2007 WPC, a geotechnical firm, conducted a "geotechnical investigation" on the raw land at 25 Calhoun to "determine the subsurface conditions within the proposed development." *See* 2007 WPC Report, (Dkt. No. 18-2 at 2) (noting the 2007 WPC Report "present[s] our understanding of the proposed project, describe[s] our exploratory procedures, discuss[es] the subsurface conditions encountered, and present[s] our recommendations for deep foundation support").[3] Buyer points out that the 2007 WPC Report warned against employing "on grade" construction on the land at 25 Calhoun because said construction method would result in a "risk of 'unacceptable' settling and cracking to concrete slabs built within the zone of influence of these soils." *See* (*Id.* at 11-12). Buyer continues that Seller ignored WPC's warnings and constructed the parking slab at 25 Calhoun "on grade." Buyer concludes that had

---

[2] Section 4.1 details due diligence items Seller was required to provide Buyer as part of the sale of 25 Calhoun. (Dkt. No. 18-3 at 7) (requiring Seller make available "environmental reports, architectural and engineering studies, and other reports by third-party consultants pertaining to the environmental condition of the Property, [and] the structural condition of the property"). Section 5.8 required Seller affirm that "there are no material physical defects in the Improvements" nor defects "in the footings, foundations or structural elements of the Property (including, without limitation, structural steel columns and girders." (*Id.* at 14).

[3] The 2007 WPC Report was prepared during the conceptual phase of a proposed mixed-used development that was never realized. (Dkt. No. 51 at 4). A second WPC report from 2010, prepared specifically for the office building development that became 25 Calhoun, (*id.*), nevertheless incorporated the entire 2007 WPC Report by reference, attaching a full copy as an exhibit, (Dkt. No. 21-3 at 6) (noting the "geotechnical scope of work for [the 25 Calhoun] project" was "supplemented with data collected previously for this parcel").

it been made aware of the "risk of unacceptable settling, that information would have materially impacted" its decision to exercise its right to "terminate the [PSA] during the inspection period set forth in the" PSA. (Dkt. No. 18-4 at 4).

The Court finds that Buyer's motion to amend is warranted and not futile. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (Defendant must show the amendment would clearly be futile on its face, and "conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."). Contrary to Seller's contentions, the 2007 WPC Report clearly appears relevant to Buyer's proposed additional claims and is a proper basis on which for Buyer to amend its Complaint. The 2007 WPC Report discusses soil conditions at 25 Calhoun in general and its conclusions are not, as Seller argues, limited in their import to a specific development project. *See* 2010 WPC Report, (Dkt. No. 21-3 at 6) (noting the "geotechnical scope of work for [25 Calhoun]" is "supplemented with data" from the 2007 WPC Report). Buyer has persuasively argued that, per §§ 4.1 and/or 5.8 of the PSA, Seller should have provided Buyer the 2010 and 2007 WPC Reports. Therefore, as Buyer appears to state claims as to its new causes of action, apart from its "failure to disclose" claim discussed immediately below, the Court permits Buyer to amend its Complaint and denies Seller's motion for summary judgment without prejudice as moot.

The Court denies Buyer's motion to amend only to the extent that it attempts to assert a claim for "failure to disclose." The proper cause of action under the circumstances alleged in Buyer's proposed First Amended Complaint is one sounding in fraud. *E.g. Cohen v. Blessing*, 259 S.C. 400, 403, 192 S.E.2d 204, 205 (1972) (noting that "when there exists in the property which is the subject of a sale latent defects or hidden conditions not discoverable on a reasonable examination of the property, the seller, if he has knowledge thereof, is bound to disclose such

latent defects or conditions to the buyer, and his failure to do so may be made the basis of a charge of *fraud*") (emphasis added); *Lawson v. Citizens and S. Nat. Bank of S.C.*, 259 S.C. 477, 482 (1972) (buyer stated a fraud claim where developer knew certain land was unsuitable and unstable for intended purpose and developer failed to disclose the truth knowing buyer was ignorant of the condition which was not apparent from inspection and knowing its materiality). To the extent the Court interprets Buyer's cause of action for failure to disclose as a negligence action, such a cause of action is inapplicable to the underlying transaction. *Ardis v. Cox*, 314 S.C. 512, 517, 431 S.E.2d 267, 270 (Ct. App. 1993) (noting that nondisclosure is fraudulent when "there is a duty to speak"). The *Ardis* court explained:

> The duty to disclose may be reduced to three distinct classes: (1) where it arises from a preexisting definite fiduciary relation between the parties; (2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties.

*Id.* at 517 (citing *Jacobson v. Yaschik*, 249 S.C. 577, 605 (1967)). A review of Buyer's proposed First Amended Complaint confirms that Buyer has not pled the existence of any of the above relationships. (Dkt. No. 20-1).

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff 25 Calhoun CMB, LLC's motion to amend (Dkt. No. 20). Plaintiff's motion is **GRANTED** to the extent that it may amend its Complaint to include all proposed causes of actions except for its "failure to disclose" claim. The Court **DENIES WITHOUT PREJUDICE** as moot Defendant Concord Park/Charleston, LLC's motion for summary judgment (Dkt. No. 14). Plaintiff is directed to file its amended complaint on the docket in accordance with this Order within **TEN (10) DAYS**.

      **AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Court Judge

May 14, 2020
Charleston, South Carolina