IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| 25 Calhoun CMB, LLC, | ) | Civil Action No. 2:19-cv-2537-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Concord Park/Charleston, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant Concord Park/Charleston, LLC's partial motion to exclude certain opinions of Stephen J. Geiger, P.E. (Dkt. No. 42). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

**I.    Background**

This lawsuit concerns Plaintiff 25 Calhoun CMB, LLC (hereinafter "Buyer")'s acquisition of real property located at 25 Calhoun Street in Charleston, South Carolina ("25 Calhoun" or the "Building"). On February 1, 2013, an entity related to Buyer, CMB Property Company LLC ("CMB"), purchased 25 Calhoun from Defendant Concord Park/Charleston, LLC (hereinafter "Seller") pursuant to a certain Purchase and Sale Agreement ("PSA"). (Dkt. No. 44-9). On March 12, 2013, CMB assigned Buyer ownership of 25 Calhoun. *See* Assignment and Assumption, (Dkt. No. 26-2). Per the Assignment and Assumption, Buyer accepted "to be bound by all the terms and conditions in and obligations" of CMB under the PSA. (*Id.*).

Buyer alleges that after acquiring 25 Calhoun, "the parking lot and portions of the building began experiencing problems, including . . . cracking, movement, and deterioration." Buyer alleges it discovered 25 Calhoun contained "dangerous conditions in the parking lot, such as

undulations and potholes caused by subsidence, or movement of the subgrade." Buyer undertook repair efforts to cure deficiencies in the property. (Dkt. No. 27 ¶¶ 7-8, 11).

On July 14, 2021, Seller moved to exclude two paragraphs from an affidavit (the "Affidavit"), dated February 28, 2020, executed by one of Buyer's experts, Stephen J. Geiger, P.E. (Dkt. No. 42). Buyer engaged Geiger to "evaluate the engineering decisions made by the geotechnical engineer for [25 Calhoun] and the adequacy of the due diligence materials provided to Purchaser by Seller." (Dkt. No. 42-1 ¶ 5). Seller seeks to exclude the following paragraphs:

> 8. The Purchase Agreement [the PSA] requires the Seller to deliver all engineering studies and any-third party consultant reports regarding the condition of the property, including those pertaining to soil and groundwater sampling.
>
> . . .
>
> 11. The failure to provide any of the WPC and AET reports identified above would be negligent and grossly negligent by the seller.

(*Id.*). On July 28, 2021, Buyer filed a response in opposition, (Dkt. No. 45), to which Seller filed a reply, (Dkt. No. 46).

Seller's motion is fully briefed and ripe for disposition.

**II.     Legal Standard/Analysis**

Seller argues that the opinions in paragraph 8 should be excluded because Geiger is neither a licensed real estate broker nor an attorney. *See* (Dkt. No. 42 at 5) ("Here, while Geiger may be qualified to render opinions in the fields of geotechnical engineering and subsets of same, Geiger does not have a real estate license, a real estate broker's license, and has never worked in the real estate field. Furthermore, he is not a licensed attorney."). As to paragraph 11, Seller argues that because Buyer is not bringing a cause of action for negligence, Geiger's testimony is irrelevant. (*Id.*).

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court interpreted Rule 702 as placing the court in a "gatekeeping role" between expert evidence and the trier of fact. 509 U.S. 579, 589, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) (holding that *Daubert* applies to all forms of expert evidence).

As to paragraph 8, the Court denies Seller's motion. The Court finds that Geiger is qualified to testify as to "the adequacy of the due diligence materials provided to Purchaser by Seller." *See* Geiger CV, (Dkt. No. 45-1 at 3) (noting Geiger has "performed over 100 property condition surveys" for a variety of clients); (Dkt. No. 45-2 at 4-5) (testifying that a "substantial part" of the work Geiger performs relates to "property condition assessments" or work that encompasses "transactional due diligence"); (*Id.*) ("Q: So in terms of your expertise in there, you could provide opinions as it relates to the performing of those property conditions assessment reports; is that right? A: Yes, sir."). Further, in paragraph 8, Geiger simply recites the requirements of § 4.1 the PSA—a recital the accuracy of which Seller does not even contest.

In sum, the Court finds Geiger qualified to testify as to the "adequacy of the due diligence materials provided to Purchaser by Seller." Seller's motion is thus denied as to paragraph 9.

As to paragraph 11 of the Affidavit, the Court grants Seller's motion only to the extent that Geiger may not testify as to Seller's "negligence" or "gross negligence." *See Hermitage Indus. v.*

*Schwerman Trucking Co.*, 814 F. Supp. 484, 486 (D.S.C. 1993) (excluding proffered testimony of expert that a party was "negligent" and concluding "that testimony by a witness in the form of a legal conclusion is clearly inadmissible") (citing and quoting *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986)).  The motion is otherwise denied as to paragraph 11 as the Court finds said testimony likely relevant to, for example, Buyer's breach of contract claim. *See* PSA, (Dkt. No. 18-3 § 4.1) (requiring Seller make available "environmental reports, architectural and engineering studies, and other reports by third-party consultants pertaining to the environmental condition of the Property, [and] the structural condition of the property"); (Dkt. No. 42-1 ¶ 9) (concluding that the "WPC and AET reports identified above are engineering studies and third-party consultant reports regarding the conditions at the property").

### III.   Conclusion

For the foregoing reasons, Seller's partial motion to exclude certain opinions of Stephen J. Geiger, P.E. (Dkt. No. 42) is **GRANTED IN PART AND DENIED IN PART.**  The motion is granted to the extent that Geiger may not testify explicitly that Seller's actions constitute "negligence" or "gross negligence." Seller's motion is otherwise denied.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 8, 2021
Charleston, South Carolina

-4-